ARTHUR J. TARNOW, District Judge,
concurring in part and dissenting in part.
I concur with the Majority’s analysis of the jurisdictional question raised and of the State of Ohio’s motion to intervene. I further agree with Majority’s statement of the standard of review and the law concerning the district court’s grant of a temporary restraining order and/or preliminary injunction.
However, I dissent from the Majority’s opinion that the district court abused its discretion when it granted the Plaintiffs’ request for a temporary restraining order. The district court’s four part analysis in determining whether to grant the plaintiffs’ request for a temporary restraining order correctly stated the law and was well reasoned in its application of the four factors. Applying the abuse of discretion standard, I find that there was no abuse of discretion. Moreover, in a recent voting rights case involving a temporary restraining order, the Supreme Court stated that “it was still necessary, as a procedural matter, for the Court of Appeals to give deference to the discretion of the District Court.” Purcell v. Gonzalez, — U.S. —, 127 S.Ct. 5, — L.Ed.2d — (2006)(per curiam). I am of the opinion that the Majority has failed to give this required deference to the district court’s decision.
Finally, as the Majority noted in footnote 3, the Attorney General has stated in his Motion to Stay the District Court’s Order that it is committed to working towards a consent TRO that obviates any *1014 risk of disenfranchisement. This is a discussion/negotiation that should take place immediately.
In a recent case from the Northern District of Ohio, the Secretary of State came to an agreement with a group of concerned voters over Ohio Revised Code Section 3505.20(A), which required naturalized citizens in Ohio to provide official documentation to prove citizenship if challenged by a poll worker. See Boustani et al. v. Blackwell, — F.Supp.2d —, 2006 WL 3064102, 2006 U.S. Dist.LEXIS 72422 (N.D.Ohio Oct. 4,2006) see also Boustani et al. v. Blackwell, — F.Supp.2d —, 2006 WL 3064102, 2006 U.S. Dist. LEXIS 77989 (N.D.Ohio Oct. 26, 2006). As history in Ohio proves, the parties’ concerns of an orderly election that guards against the risk disenfranchisement can and has been achieved through mutual agreement.